# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1257 | **DATE** | 12/21/2012 |
| **CASE TITLE** | *Manjarrez v. Georgia-Pacific LLC, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Hollingbird and M&G's motion to dismiss Count III [85-1] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendants Frankie Lee Hollingbird and M&G Trucking, Inc. ("M&G") move to dismiss the negligence claim against them for lack of personal jurisdiction. For the reasons stated below, the motion is granted.

**I.   Facts**

On August 11, 2010, defendant Georgia-Pacific loaded a container in Mississippi containing five large paper rolls. (SAC ¶ 3 of Count III.) On that date, Hollingbird, who was employed by M&G, signed the bill of lading for the container, affixed the seal on the door of the truck and drove the load from Monticello, Mississippi to Jackson, Mississippi. (*Id*. ¶¶ 2, 5 of Count III.) The container was then shipped via railcar to the Gateway Yard located in Harvey, Illinois. (Pl.'s Resp., Dkt. # 95, at 3.) On August 16, 2010, Plaintiff was moving the subject container with a spotting truck and was injured when the container flipped, causing Plaintiff's truck cab to flip as well. (SAC, ¶¶ 9 and 11 of Count III.) Plaintiff brought suit against various entities including Hollingbird and M&G alleging negligence.

**II.   Analysis**

"When a defendant's motion to dismiss [for lack of personal jurisdiction] is based on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff need only make out a prima facie case of personal jurisdiction." *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009) (citation omitted). The Court draws all reasonable inferences in favor of the plaintiff and resolves all factual disputes in his favor. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 783 & n.14 (7th Cir. 2003) (citations omitted).

**STATEMENT**

Federal courts sitting in diversity may exercise personal jurisdiction over nonresident defendants only if a court in the forum state would have such jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Because Illinois' long-arm statute extends to the maximum extent permitted by the Illinois and United States' constitutions, jurisdiction under Illinois' long-arm statute is coextensive with federal due process requirements. 735 Ill. Comp. Stat. 5/2–209(c); *RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Thus, "the personal jurisdiction analysis collapses into a federal due process inquiry." *Foley v. Yacht Mgmt. Group, Inc.*, No. 08 C 7254, 2009 WL 2020776, at *2 (N.D. Ill. Jul. 9, 2009) (citations omitted).

The Due Process Clause limits when a state can assert jurisdiction over non-resident corporations. *RAR*, 107 F.3d at 1277. The corporation must have "minimum contacts" with the state to satisfy "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state. *UBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). A court may assert general jurisdiction over a defendant when the defendant has "continuous and systematic contacts" with the state. *RAR*, 107 F.3d at 1277. Specific jurisdiction exists if a suit "arises out of" or "relates to" the defendant's contacts with the forum state even if those contacts are "isolated and sporadic." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985). To assert specific jurisdiction over a party, the main factor to consider is whether it was reasonably foreseeable to the defendant that its actions could result in litigation in the state in question. *Burger King*, 471 U.S. at 472–74.

Hollingbird and M&G dispute Plaintiff's contention that the Court may exercise specific jurisdiction over them.[1] As recently noted by the Seventh Circuit, the specific jurisdiction inquiry:

> may be condensed to three essential requirements: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (internal citations omitted).

Plaintiff's assertion of jurisdiction fails at the first element. Plaintiff does not contend that Hollingbird or M&G purposefully availed themselves of the privilege of conducting business *in* Illinois, nor could he. Hollingbird drove the load within the borders of Mississippi. There are no allegations or evidence that business conducted by Hollingbird or M&G occurred in Illinois. But, did they purposefully direct activities at Illinois? The Seventh Circuit has identified three requirements for determining whether conduct was purposefully directed at a forum state: "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Id*. at 674-75 (citation and internal quotation marks omitted).

Assuming that driving the truck with the subject container on it within Mississippi was intentional conduct, even drawing all inferences in favor of Plaintiff, no evidence or allegations exist that either Hollingbird or M&G expressly aimed their conduct at Illinois. All of their actions took place within Mississippi and no conduct was directed at Illinois. Plaintiff's citations to stream of commerce cases do not alter this conclusion. In those cases, the plaintiffs sought to have the courts exercise jurisdiction over the manufacturers which placed their product in the stream of commerce knowing that their products would be

**STATEMENT**

distributed to the relevant forum and derived an economic benefit from doing so. *See, e.g.*, *Dehmlow v. Austin Fireworks*, 963 F.2d 941 (7th Cir. 1992) (Kansas fireworks company that (a) assembled and sold fireworks to Wisconsin individual that fireworks company knew was going to transport fireworks to Illinois and (b) generally served the Illinois market subject to jurisdiction of Illinois court); *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 667-68 (7th Cir. 1986) (non-resident manufacturer and distributer of fireworks subject to jurisdiction in Wisconsin because they knowingly sold fireworks to an interim distributor who advertised nationwide and manufacturer and distributor "derived the same economic benefits from [the interim distributor's] wide scope of sales efforts as [the interim distributor did]").

That is not the case here. Hollingbird and M&G worked in Mississippi, transferred the load within Mississippi and did not generally serve the Illinois market. Moreover, there is no allegation or evidence that Hollingbird or M&G purposefully directed the load to Illinois or benefitted economically from the container ultimately being transported to Illinois. Accordingly, Plaintiff has failed to establish that Hollingbird or M&G purposefully directed their activities toward Illinois.

The Court further notes that, for a similar reason, the facts in this case fail the second requirement for exercising personal jurisdiction, *i.e.*, that the alleged injury must have arisen from the defendant's forum-related activities. *Felland,* 682 F.3d at 673. A superficial consideration of this element leads to the conclusion that these defendants have no Illinois-related activities; thus, the alleged injury cannot have resulted from their non-existent conduct.

**III.     Conclusion**

Because the Court finds that the exercise of personal jurisdiction over these defendants violates due process, Hollingbird and M&G's motion to dismiss Count III against them [85-1] is granted.

1. Plaintiff does not assert that general jurisdiction exists.